OPINION
Appellant Elizabeth Williams appeals the decision of the Knox County Court of Common Pleas that found her guilty of operating a motor vehicle while under the influence of alcohol or drugs and operating a motor vehicle with a concentration of ten-hundredths of one percent or more by weight of alcohol in her blood. The following facts give rise to this appeal.
On February 26, 2000, at 1:32 a.m., Trooper Kenneth Featherling of the Ohio State Highway Patrol received a dispatch from the Knox County Sheriff's Office about a motor vehicle in a ditch. Upon arriving on the scene, Trooper Featherling found appellant's vehicle, in a ditch, at an angle, over a culvert approximately seven feet deep. Based upon appellant's statement that the accident occurred ten minutes before a man discovered her vehicle and called the Knox County Sheriff's Department, Trooper Featherling calculated the time of the accident to be 1:22 a.m.
While speaking to appellant at the scene of the accident, Trooper Featherling noticed a strong odor of alcohol emanating from appellant's vehicle. Trooper Featherling also noticed appellant's speech was slurred and her eyes were glassy and bloodshot. After appellant was removed from her vehicle, Trooper Featherling inventoried it and discovered one empty can of beer and two full cans. Appellant was transported to the hospital.
When Trooper Featherling arrived at the hospital, he informed appellant of her rights pursuant to 2255 BMV form. Trooper Featherling also informed appellant of her constitutional rights. Appellant agreed to give a statement and stated that she consumed about four beers and the accident occurred when she saw a deer on the road and hit a sheet of ice. Appellant also consented to giving blood, which occurred at 3:18 a.m. The results of the blood test showed .222 grams percent of alcohol by body weight of blood.
Thereafter, the Knox County Grand Jury indicted appellant on August 7, 2000. Appellant entered a not guilty plea to the charges contained in the indictment. On December 15, 2000, appellant filed a motion to suppress evidence collected following her arrest. The trial court held a hearing on appellant's motion on March 19, 2001. The trial court overruled appellant's motion to suppress and this matter proceeded to a bench trial on May 9, 2001. The trial court found appellant guilty of the charges contained in the indictment. On July 20, 2001, the trial court sentenced appellant to a three-year term of community control, ninety days in the Knox County Jail, a mandatory operator's license suspension of three years, and a mandatory fine of $750. The trial court also ordered appellant to submit to drug and alcohol treatment and monitoring and to obtain and maintain full-time employment.
Appellant filed her notice of appeal and sets forth the following assignments of error for our consideration:
 "I. THE TRIAL COURT ERRED IN ADMITTING A BLOOD ALCOHOL MEASUREMENT WHERE THE EVIDENCE INTRODUCED BY THE STATE FAILED TO SHOW THAT THE TEST WAS CONDUCTED WITHIN TWO HOURS OF THE OPERATION OF A MOTOR VEHICLE.
 "II. THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE STATE OF OHIO FAILED TO PROVE THE SPECIFICATIONS BEYOND A REASONABLE DOUBT."
 I
In her first assignment of error, appellant contends the trial court erred when it denied her motion to suppress on the basis that the blood alcohol test was not performed within two hours of the operation of her motor vehicle. We disagree.
On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592.Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37.
Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; State v. Guysinger (1993), 86 Ohio App.3d 592.
In the case sub judice, appellant challenges the trial court's findings of fact as it pertains to the time of the accident. Thus, we must determine whether the trial court's finding that the accident occurred at 1:22 a.m. is against the manifest weight of the evidence. Pursuant to R.C. 4511.19(D)(1) and the case of Newark v. Lucas (1988),40 Ohio St.3d 100, paragraph one of the syllabus, the results of a test for concentration of alcohol are not admissible into evidence unless the bodily substance is withdrawn within two hours of the time of the alleged violation.
Appellant maintains the State of Ohio failed to carry its burden of proof, at the suppression hearing, to establish that the sample was withdrawn within two hours of appellant operating her motor vehicle. The state's burden of proof on a motion to suppress evidence is by preponderance of the evidence. Athens v. Wolf (1974), 38 Ohio St.2d 237,241. "The preponderance of the evidence is defined as the greater weight of the evidence, evidence that is more probable, more persuasive and of greater probative value." Beerman v. City of Kettering (1956),14 Ohio Misc. 149, 159.
At the suppression hearing, Trooper Featherling testified that he estimated the time of the accident to be 1:22 a.m. Tr. Suppression Hrng. at 7, 8, 9. Trooper Featherling based this estimate on appellant's statement to him that the accident occurred ten minutes before the man discovered her, that the call came into the Knox County Sheriff's Office at 1:32 a.m., and that the area where the accident occurred had just been patrolled at 1:10 a.m. and no vehicle was observed in the ditch. Id. at 33. The evidence further established that a sample of appellant's blood was withdrawn, at the hospital, at 3:18 a.m. Id. at 23, 24. Thus, in order to comply with the two-hour statutory requirement contained in R.C. 4511.19(D)(1), the accident had to occur no earlier than 1:18 a.m.
Based upon the evidence presented at the suppression hearing, the trial court concluded the state met its burden of proof that the accident occurred at 1:22 a.m. Id. at 40. We agree with the trial court's conclusion. In order to be within the two-hour time frame provided by statute, the state had to obtain a sample of appellant's blood no later than 3:22 a.m. The evidence established that appellant's blood was withdrawn at 3:18 a.m., within the two-hour time frame.
Accordingly, we find the trial court's decision denying appellant's motion to suppress is not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
Appellant maintains, in her second assignment of error, that the verdict is against the manifest weight of the evidence and is not sustained by the sufficiency of the evidence because the State of Ohio failed to prove the specifications beyond a reasonable doubt. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon this standard that we review appellant's second assignment of error.
Appellant claims the state failed to meet its burden of proof concerning her prior convictions for alcohol related offenses. The state introduced certified copies of journal entries, at trial, to prove that appellant had three prior convictions for alcohol related offenses within the past six years. Appellant challenges this evidence on the basis that there exists a discrepancy between the driver's license number on the prior convictions and the current operator's license number.
Upon review of this evidence, we conclude the state met its burden even though there exists a discrepancy. Although this discrepancy exists, the date of birth and social security number are the same on all the prior convictions along with appellant's current operator's license. Thus, the trial court's verdict is not against the manifest weight and sufficiency of the evidence as the state proved the specifications beyond a reasonable doubt.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed
WISE, J., FARMER, P.J., and BOGGINS, J., concur.